UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN TICHOT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:12-cv-00013-GZS |
| | ) | |
| STATE OF MAINE GOVERNOR'S OFFICE, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION

John Tichot has now brought his fourth lawsuit in this Court, this time suing the State of Maine Governor's Office, specifically in the form of the "Maine State law enforcement security police" (Compl. at 4, Doc. No. 1), for what he describes as acts of torture including being shocked with "electronic devices, rays, and unknown poisonous chemicals mostly in my residential." (Id. at 4.) According to Tichot, these acts of torture occurred because of Tichot's dispute with Maine Medical Center over a course of treatment he received there in 2005 related to a vaccination for tetanus. (Id. at 2.) Tichot sued the hospital in state court, but the case was dismissed because of his inability to designate an appropriate medical expert. (Id. at 3.) In Tichot's mind, the torture then began because of governmental interest in his unsuccessful lawsuit. (Id. at 4.) I now recommend that this Court summarily dismiss this complaint because it fails to state to claim against any individual state actor who would potentially be liable for a constitutional or federal statutory violation under 42 U.S.C. § 1983.

### Tichot's Three Prior Federal Lawsuits

On April 9, 2010, Tichot filed his first lawsuit in this Court, <u>Tichot v. United States Department of State</u>, 2:10-cv-00135-GZS, complaining about the treatment he received in the

1

United States since he immigrated to this country from South Sudan. The Court summarily dismissed that complaint. Tichot filed his second lawsuit on July 27, 2010, and named the FBI as the sole defendant. He basically continued the same allegations he raised in the original lawsuit, again focusing on the wrongs done both to him and to the community of individuals from South Sudan who lived in Portland, Maine. Tichot complained of constant acts of torture. Tichot v. FBI, 2:10-cv-00311-GZS. The Court summarily dismissed that action as well. Tichot's third case involved a complaint against the Social Security Commissioner, complaining about a denial of benefits. Tichot v. Social Security Commissioner, 2:10-cv-00417-GZS. Ultimately, this Court dismissed the complaint on the Commissioner's motion because Tichot had failed to exhaust his administrative remedies.

## DISCUSSION

With respect to an *in forma pauperis* action such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). I credit that Tichot believes that his factual allegations of deliberate torture inside his residence are true, but this acknowledgement does not mean that the case should not be dismissed as frivolous or for failure to state a claim that is cognizable in this Court. Other courts have arrived at the same difficult conclusion concerning similar allegations, see, e.g., Christian v. Moore, No. 3:10-CV-302-FDW-DSC, 2010 WL 3418390, *1-2 (W.D.N.C. Aug. 30, 2010) (unpublished). I have carefully reviewed Tichot's complaint and considered those allegations in light of the previous filings Tichot made in this Court. I cannot find that he has stated a claim upon which relief may be granted. I recognize that a *pro se* complaint must be read liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Tichot has alleged he has been subjected to various forms of torture by unnamed individuals associated with Maine state law enforcement. He has named the Governor's Office as his sole defendant, perhaps on some misguided theory of respondeat superior. Even if the Governor (or his Office) had some supervisory authority over these law enforcement officers, he could be found liable only for his own conduct and not on the basis of *respondeat superior* for the actions of his subordinates. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948 (2009); Leavitt v. Corr. Med. Servs., 645 F.3d 484, 502 (1st Cir. 2011). Even if I were to construe some of Tichot's claims as falling under 42 U.S.C. § 1983, where state government actors are allegedly involved in this "torture," Tichot's naked assertions against a group of John Doe defendants would not pass even the most basic of pleading standards.

## CONCLUSION

For the reasons set forth above, I recommend that the Court summarily dismiss this complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 23, 2012 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge