UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN TICHOT, | ) |
| Plaintiff | ) ) ) |
| v. | ) 2:12-cv-00013-GZS ) |
| MAINE STATE POLICE, | ) ) |
| Defendant | ) |

**RECOMMENDED DECISION**

This matter is before the Court on Plaintiff John Tichot's Motion for Relief from Judgment (ECF No. 22) and Motion for Leave to Proceed *in Forma Pauperis*.[1] (ECF No. 23.) Through his Motion for Relief from Judgment, Plaintiff apparently seeks to reopen this case and proceed against an additional defendant or defendants based, in part, on information that he recently discovered. As explained below, following a review of the motion and the record, the recommendation is that the Court deny the motion.

**Procedural Background**

Plaintiff filed his complaint on January 10, 2012, in which complaint he alleged torture by the Maine Governor's Office and the "State of Maine Law Enforcement Security Police," in retaliation for a complaint he made to Maine Medical Center in 2005 regarding a tetanus vaccination that he received there. (ECF No. 1.) On February 28, 2012, Plaintiff sought leave to amend his complaint, by which amendment he would dismiss his claim against the Governor's

---

[1] The Court referred the motions. Because Plaintiff requests that the Court reopen a case on which Plaintiff has been permitted to proceed *in forma pauperis*, Plaintiff was not required to file another motion to proceed *in forma pauperis*. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is dismissed as unnecessary.

Office and proceed exclusively against the Maine State Police. (ECF No. 7.) The Court granted the motion to amend. (ECF No. 8.)

On March 14, 2012, the Court adopted the Recommended Decision of Magistrate Judge Kravchuk and entered Judgment of Dismissal because Plaintiff's complaint, as amended, asserted only conclusory allegations devoid of factual content that stated a plausible claim for which relief could be granted, and dismissal *sua sponte* was, therefore, appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* ECF Nos. 5, 8, 12, 13.) On appeal, the First Circuit Court of Appeals affirmed the Court's Judgment. (ECF No. 20.)

**Plaintiff's Motion for Relief from Judgment**

In his motion, Plaintiff requests an injunction against the Maine State Police, and damages in the amount of $200,000,000. Plaintiff asserts in part that he is entitled to the requested relief because he has recently learned the name of the individual who was "involved" in the "issue of torture" about which he complains in this matter. In particular, Plaintiff contends that "the late Cumberland County sheriff, official, named Paul Newman" subjected him to torture based on a "watch list." (ECF No. 22.) Plaintiff also makes unsubstantiated allegations about the activities of the "Maine jails group," the "Maine security police agency," the "Maine state party," and the "Maine community organ detention." (*Id*.)

**Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to grant relief from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff bears the burden of demonstrating a proper basis for the Court to award relief from its Judgment of Dismissal, such as by showing that changed circumstances make the Judgment no longer equitable. *Horne v. Flores*, 557 U.S. 433, 447 (2009).

> A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted."

*Fisher v. Kadant, Inc.*, 589 F.3d 505, 512 (1st Cir. 2009) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).

Here, Plaintiff evidently attempts to reopen the case based on newly discovered evidence. Plaintiff, however, fails to substantiate with reliable record evidence a plausible reason that the information was not previously available, or how the information justifies relief from the judgment entered in this case.[2] Plaintiff, therefore, has failed to demonstrate the "he has the right stuff to mount a potentially meritorious claim." *Fisher*, 589 F.3d at 512. Accordingly, Plaintiff is not entitled to relief under Rule 60(b).[3]

---

[2] When assessing the plausibility of pleadings, a court must "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[3] Under certain circumstances, a summary denial of relief under Rule 60(b) is appropriate. *See, e.g., Stokes v. Merson*, 38 Fed. App'x 622 (1st Cir. 2002) (per curiam) (unpublished).

**Conclusion**

Based on the foregoing analysis, the recommendation is that the Court deny Plaintiff's Motion for Relief from Judgment.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of November, 2014.